The opinion of the Court, was delivered by
Fobd, J.
This is an action for dower in a hundred acres of land; the count is in the usual form ; the tenant pleads five pleas in bar; the demandant demurs to each plea, and thus its sufficiency is put in issue, to the court. It appears that the husband in his will, made the following provision for his wife.
“ I give and bequeath to my beloved wife Eleanor White, all the property that she had or brought with her when I married her, and I further order that she shall have one room in my dwelling house, and a comfortable maintenance out of my real estate, during her natural life or widowhood. And I give and bequeath unto my two sons, Richard White and Peter White, all my lands and buildings, to be equally divided between them in quantity and quality; and I further order that my son Richard White, shall have my wagon and horses, and I also give to my son Peter White, my other wagon, and one yoke of oxen, yoke or vokes.”
*211 The tenant avers in his first plea, that after the death of the husband, the widow accepted of the bequests made to her in the will; it further avers that those bequests were made to her in lieu and satisfaction of her dower. It is observable that in the will, they are not expressed to be in. lieu of her dower, and the demandant alleges a reason, why they were intended not to be so; that the estate consisted principally in wood-land, from which she could obtain nothing beside fuel; and knowing that one third of the residue, after deducting for labor and tillage, could not supply the exigencies of her condition, her husband superadded these bequests in his will, without expressing the slightest intention that they should be in lieu of her dower.
It was holden in former times according to 1 Inst. 36 b, that “ a devise by will cannot be averred to be in satisfaction of dower, unless it be so expressed in the will; ” but modern decisions do not maintain this dictum ; they hold that the will of a man is his intention, and whenever that intention manifestly appears, though not directly expressed in words, it shall prevail; therefore that a devise may be averred to be in lieu of dower, without being so expressed in the will, if the testator manifestly intended it to be so. It was abundantly established in the case of Villa Real v. Galway, 1 Bro. Rep. 292, that a devisee cannot claim under a will, which is an affirmation of it, and also claim so contrary to it, as to overthrow or disturb the testator’s materia] provisions therein made. The cases to this effect, are collected in 4 Kent’s Com. 56, where he infers from them, with great clearness, the general rule thus, “ that a testamentary provision must be declared in express terms, to be in lieu of dower, or, that intention must be deduced by clear and manifest implication from the will, founded on the fact, that the claim of dower would be inconsistent with the will, or so repugnant to its dispositions, as to disturb and defeat them.”
The same doctrine is recognized by Vroom Chan, in Stark v. Hunlon, 1 Sax. Ch. Rep. 225. Now if the demandant shall be allowed to recover dower in the real estate, it will disturb and prevent the testator’s own provisions from being carried into effect. He has provided for her a comfortable maintenance, and has made it a charge upon his whole real estate, so that it goes with the estate as a burthen, into the hands of his two sons, Richard *212 and Peter, the devisees; they are to furnish the maintenance, and in consideration of it, they are to have the whole estate. Now if the widow takes one-third of it for her dower, and they obtain only two-thirds of it during her life-time, it wholly deranges the testator’s settlement, which was that they should have the whole estate, and be liable in respect of it, for the whole of her maintenance. The will can never be executed according to his intent, for the sons will have only two-thirds of what the testator intended ; and the uttermost for the widow, would be only two-thirds of the maintenance provided and intended for her. The testator’s settlement would be broken up, and some other would have to be substituted in the place of it. Either the widow must lose her whole maintenance, or it must be apportioned on the sons according to the proportional part of the lands they obtain. If she by an act of her own, takes one-third of the land away from the sons, does she not discharge them from any maintenance ? “ If a man having a rent charge, purchases part of the land out of which the'rent issues, the whole rent is thereby extinguished, because wilfully and by his own act, he has prevented the operation of the charge on the land, according to the original grant.” IAtt. sec. 222; Oilb. on Rents, 152. If so, her claim of Dower, contravenes the will, by defeating the very maintenance the testator has provided for her. If it. be said that dower accrues by operation of law, not by her own act, and therefore that the charge shall not be entirely lost, but apportioned on Richard and Peter, according to the estate they actually receive, even this will defeat the disposition made by the testator, according to which the sons were to have all the land, and to furnish the whole of the maintenance. But the possibility of an apportionment, is questionable. A sum of money is apportionable into certain parts, but how will it be done with the thing called a “ comfortable maintenance ? ” the expense for which, will vary with peace or war prices, with dearth or plentiful seasons, nay with her own personal condition, whether it be that of sound health, or that of decrepitude and helplessness. What wisdom could make a permanent apportionment, of two-thirds, of such an ever varying thing as comfortable maintenance? But even if it could possibly be done, it would entirely defeat the testator’s arrangement. Therefore the plea is manifestly right in the averment, that .the bequests in the *213 will to the widow, were intended by the testator, to be to her in lieu of her dower. Judgment must be accordingly rendered oil this plea for the defendant; nevertheless the demandant will be allowed to withdraw her demurrer, and to traverse her acceptance of these bequests, pursuant to the agreement of the parties, if she shall deem it advisable to do so.
The second pica avers, that the husband devised to the demandant, part of his real estate, to wit: a room in his dwelling house, and a comfortable maintenance out of his real estate; that he did not express whether such devise was to be in lieu of dower or not, that he devised overall his real estate; that the demandant survived him, that probate was made of his will; and that within six months after probate thereof, the demandant did not, in writing, express her dissent to receive the real estate so devised to her, in satisfaction and bar of her right of dower, as by the statute she was bound to do. To this plea, there is a demurrer admitting the plea to be true, that such devises were made to her, but denying that they conveyed to her, any real estate. The statute provides (Rev. Laws, 677, see. 1) that if a devise be made to the widow, of any real estate, whether for life or otherwise, it shall bar her right to dower in lands devised to others, unless she dissent in writing within six months after probate, to receive them in lieu of her dower. The demandant insists that the testator did not devise to her, any real estate, and that the plea shews none. The “ comfortable maintenance,” is denied to be cither land or real estate, within the meaning of the statute. And as to the room in the dwelling house, it is argued that the word house does not include any land, within its legal signification. In support of this position, we are referred to 2 III. Com. 19, where the author observes, that, by a grant of a aastle or messuage, and the like, nothing else will pass, except what falls with the utmost propriety under the term made use of. Now the author does not say that the land at the foundation of the castle does not properly tall under the term, or the grantee, could have by the grant only a castle in the air: he means that nothing more of land, than precisely what the castle covers, will pass by the word,castle or house, unless the word appurtenances, or some thing equivalent to it, is mentioned in the grant. The case of Hill v. Grant, 1 Plowd. 170, proves that the foundation of a house is in law con *214 sidered a part of it; but even with that allowance, the passage in the commentaries has been considered too narrow, for it is laid down in 1 Inst. 5, that a grant of a castle, may convey a manor. But this is not the case of & grant; we are here considering a will, wherein the gift of a house may convey all the land within the curtilage. Carden v. Tuck, Cro. Eliz. 89; Doe v. Collins, 2 Ter. Rep. 498. On the same principle that a house is real estate, a room must likewise be so, in a house, as having its share in the foundation. If the widow should be put out of the room, may she not recover it in ejectment and have a writ of possession ? Ejectment will lie for “a chamber in the second story,” of a house, if a proper designation of the house be given; even “ de una rooma” has been holden good. Run. on Eject. 24, 25. Then this is a devise of real estate, from which the demandant did not dissent, either in the manner or within the time, required by the statute; her right of dower is therefore necessarily barred by law, and judgment on this plea, must be rendered for the defendant.
The third plea avers a consideration, for which the demand-ant agreed to release her dower; and the fifth plea avers that she did release it; not showing whether the agreement in the former plea, or the release in the latter, were in writing or by parol. For this reason there is a special demurrer to each. I am of opinion that neither of them is sufficient to bar the action, and that they must be set aside. An agreement to release dower, cannot operate as a release, until it be executed, it being only an agreement, which, if broken, may subject the demandant to an action on the case for damages; but cannot convey her title to land. Also, if the defendant pleads a release, he must shew that it is by deed, and make a profert of it in court, otherwise he deprives the adverse party of the right to see it and hear it read, and of the proper means of answering it.
The fourth plea avers that the premises consist of a farm, devised to the said Richard and Peter, equally to be divided between them, that the premises were in the sole possession of Peter, on a certain day, when, by a writing under her hand, the demandant released her claim of dower in said farm, on the part of the said Richard; ” by means whereof Richard’s portion of the said farm, then in the occupation of Peter, “and the said farm” be-leased and discharged from her claim of dower. The demand- *215 ant demurs to this for duplicity, in that it first avers a release of dower in Richard’s moiety, and secondly, a release of it in the whole farm. But the allegation of duplicity is certainly a mistake; the plea presents only a single traversable fact, namely, a release of dower in Richard’s moiety ; the subsequent virtute cujus, only shews the operation and effect of it, in law, which cannot be traversed or put in issue to the country. Neither is the plea argumentative, as where one fact is stated, that another fact may be inferred from it. It is admissible to state a fact together with the operation in law. But there is a substantial objection to it, that a release of dower is pleaded without any profert of the deed. Moreover a release of dower in one moiety of a farm, will not operate in law, as a release of it in the other moiety; nor does a release of it to one tenant in common for his share, operate in law as a release of it to another tenant in common who has a different share. It has no analogy to releasing one of many joint and «everal obligors, where there exists but one debt, which becomes by a release to one, extinguished, as much as if he had paid it in money. Judgment must therefore be rendered, that this plea is insufficient to bar the action.
Horsblower, C. J. and Ryersost, J. concurred.
Judgment for the defendant on the first and second pleas, and for the demandant on the third, fourth and fifth pleas.
Cited in Keeler v. Tatnell, 3 Zab. 62; Van Arsdale v. Van Arsdale, 2 Dutch. 418-419; Colgate, Ex'r, v. Colgate, 8 C. E. Gr. 380.